**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NATURAL RESOURCES DEFENSE COUNCIL

                Plaintiff,

            -against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; and STEPHEN L.
JOHNSON, Administrator of the U.S.
Environmental Protection Agency

                Defendants.

**COMPLAINT**

CIVIL ACTION NO. 07 CV 1751 (KPC)

ECF CASE

---

**INTRODUCTION**

1. The Natural Resources Defense Council ("NRDC") challenges the United States Environmental Protection Agency's ("EPA's") failure to take required steps to protect the public from exposure to two toxic pesticides – carbaryl and DDVP – that have been linked to severe neurological and developmental harm.

2. First, in separate petitions, NRDC requested that EPA cancel the license (or "registration") permitting continued sale and use of these two pesticides, because of serious threats to human health and the environment. EPA has unlawfully failed to respond to either petition.

3. Second, EPA commenced a regulatory process for DDVP known as Special Review in 1988. Special Review, as the name implies, is intended to be an expedited process that allows EPA to take prompt action to ban or restrict pesticides of special concern. EPA has unlawfully failed to take final action to conclude the Special Review of DDVP despite the passage of nearly twenty years.

1

4.  Third, EPA was required by statute to conclude a comprehensive reevaluation of carbaryl's registration (in a process known as "re-registration") by August 3, 2006. EPA missed that mandatory deadline, has publicly admitted its failure to comply with the statute, and has not committed to meeting its obligation by any specific date in the future.

5.  EPA's failures constitute direct violations of the Administrative Procedure Act ("APA") and the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

6.  EPA's unreasonable delays expose NRDC's members to increased risk of harm, deprive NRDC of the response to its petitions to which NRDC is entitled, violate the APA's requirement that the agency conclude matters presented to it in a reasonable time, and violate a fixed statutory deadline imposed by FIFRA.

## JURISDICTION

7.  This action arises under the APA, 5 U.S.C. §§ 551, et seq. and the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), and 5 U.S.C. §§ 701-706 (APA).

## VENUE

8.  Venue in this Court is proper under 28 U.S.C. §§ 1391(e) & 1402. Plaintiff NRDC resides and maintains its headquarters in the Southern District of New York.

## PARTIES

9.  Plaintiff NRDC, a not-for-profit corporation organized and existing under the laws of the State of New York, is a national environmental organization with more than 520,000 members. More than 46,000 of these members live in the State of New York. In

addition to its headquarters in New York, NRDC also maintains offices in Washington, D.C., San Francisco, Los Angeles, Chicago and Beijing. NRDC's institutional purposes include protecting public health and the environment from the risks and harms associated with exposure to pesticides.

10.     NRDC has long been active in efforts to prevent and reduce risks associated with pesticide exposures and to strengthen the regulation of pesticides in this country. NRDC has filed litigation, participated in administrative processes, testified before legislative bodies, and issued reports to the public, all in an effort to protect human health and the environment from pesticide-associated risks.

11.     Plaintiff NRDC is harmed by Defendants' failure to respond to its petitions, to take the actions requested by the petitions and to conclude the overdue regulatory decisions for DDVP and carbaryl. Defendants' failures have deprived NRDC of a decision on its petitions and the benefits and information to the organization and its members that such a decision might afford, and has made it more difficult for NRDC to achieve its institutional objective of protecting its members, the public, and the environment from excessive risks associated with carbaryl and DDVP. By failing to respond to NRDC's petitions, Defendants have also deprived NRDC of valuable information concerning the Defendants' reasons and justifications for failing to carry out the actions requested by the Petitions.

12.     Members of NRDC and their children are also harmed by EPA's failure to respond to the petitions, to take the actions requested therein, to conclude the Special Review of DDVP, and to conclude the reregistration of carbaryl. NRDC's members and their children are exposed to high levels of carbaryl and DDVP in food and drinking

water, and in their homes, workplaces, and places of recreation through contact with carbaryl- and DDVP-contaminated counters and other surfaces, flooring, carpeting, pets, toys, soil, and clothing. As a result of EPA's unlawful failure to act, NRDC's members and their children will continue to be put at risk of harm from exposure to these pesticides.

13. The health of NRDC's members and their children is placed at increased risk by EPA's failure to respond to NRDC's petitions, to conclude the Special Review of DDVP, and to conclude the reregistration of carbaryl. The declaratory and injunctive relief requested herein, mandating that EPA comply with its statutory obligations and respond to NRDC's petitions, conclude the Special Review of DDVP, and conclude the reregistration of carbaryl, would remedy these harms.

14. Defendant United States Environmental Protection Agency is an agency of the United States charged with implementation of federal pesticide statutes, including FIFRA.

15. Defendant Stephen L. Johnson is Administrator of EPA. Mr. Johnson is the chief officer of EPA and is the federal official ultimately responsible for EPA's administration and implementation of FIFRA and the APA. Mr. Johnson is sued in his official capacity.

## FACTS

16. DDVP, also known as dichlorvos, is one of a class of insecticides called organophosphates developed from nerve warfare agents after World War II. DDVP, as registered by EPA, has both home uses and agricultural uses. It is widely used in "no-pest strips" that exude a vapor to kill house flies and other insects in homes and businesses. Agriculturally, it is used on tomatoes and mushrooms and fed to livestock to

4

control certain types of larvae. It is a highly toxic chemical, and exposure to it can occur through breathing it, touching it, or ingesting it. California lists DDVP as a known carcinogen, while the World Health Organization and the EPA list it as a possible human carcinogen. DDVP is already banned in the United Kingdom, Denmark, Sweden, Fiji, and Angola, and is severely restricted in Kuwait.

17.     Carbaryl is one of a class of insecticides called carbamates. Carbaryl is particularly toxic to the developing nervous system in fetuses, infants, and young children. Carbaryl is used both in agriculture and in homes. Of the crops on which carbaryl is used, many are consumed in high amounts by children, such as apples, oranges, bananas, strawberries, grapes, corn and rice. Residential uses of carbaryl include lawn care, gardening, and pet care.

Statutory Background

18.     FIFRA requires that pesticides must be registered to be sold in the United States. 7 U.S.C. § 136a. EPA may not register a pesticide unless the chemical will perform its intended function without causing any "unreasonable adverse effects on the environment." 7 U.S.C. § 136a(c)(5)(C). Through a process called reregistration, EPA must also reevaluate pesticides that have been on the market for many years, consider new information about their risks, and make a decision about whether to approve their continued use. 7 U.S.C. § 136a-1. Reregistration almost always results in some restrictions on a pesticide's use or the imposition of mandatory safety measures to protect human health and the environment.

19.     The Federal Food, Drug, and Cosmetic Act ("FFDCA") authorizes EPA to set tolerances, which are maximum allowable levels for pesticide residues in food, or to

grant exemptions from the requirement to have a tolerance. 21 U.S.C. §§ 346a(b) & (c). The FFDCA, as amended by the Food Quality Protection Act in 1996, required EPA to reassess the safety of all pesticide tolerances over a ten year period, ending on August 3, 2006. 21 U.S.C. § 346a(q). This process is known as tolerance reassessment.

20. FIFRA set the same date, August 3, 2006, as the date by which EPA had to determine the eligibility for reregistration for *all* pesticides that had tolerances or exemptions established. 7 U.S.C. § 136a-1(g)(2)(A). In other words, FIFRA required EPA to reregister all food use pesticides, including DDVP and carbaryl, no later than August 3, 2006.

21. If EPA determines that one or more uses of a particular pesticide "may pose significant risks," it can place that pesticide in Special Review. 40 C.F.R. § 154.1(a). The Special Review process allows EPA to take prompt action to restrict or ban pesticides that it has identified to be of special concern.

22. The Special Review process helps EPA determine "whether to initiate procedures to cancel, deny, or reclassify registration of a pesticide product because uses of that product may cause unreasonable adverse effects on the environment." 40 C.F.R. § 154.1(a).

23. Once EPA decides to place a pesticide in Special Review, the expectation is that "following completion of the Special Review process, the Agency expects to initiate formal proceedings seeking to cancel, deny, reclassify, or require modifications to the registration of the product(s) in question." 40 C.F.R. § 154.1(a). The final step of Special Review specifies that "[t]he Administrator shall prepare a Notice of Final

6

Determination after the close of the comment period on a Notice of Preliminary Determination." 40 C.F.R. § 154.33(a).

24.     Section 4 of the APA requires that "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). Section 6 of the APA requires an agency to conclude any matter presented to it in a "reasonable time." 5 U.S.C. § 555(b). Section 10 of the APA provides that a reviewing Court "shall – (1) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

### DDVP Special Review

25.     In 1980, EPA first expressed concern with DDVP and proposed requiring a cancer warning on DDVP products. 60 Fed. Reg. 50339 (Sept. 28, 1995).

26.     In October 1982, the Agency deferred the cancer warning requirement, and in December, food tolerances for DDVP residues took effect. 47 Fed. Reg. 45075 (Oct. 13, 1982); 47 Fed. Reg. 55223 (Dec. 8, 1982), as amended at 55 Fed. Reg. 26440 (June 28, 1990).

27.     In 1988, EPA initiated Special Review of DDVP ("DDVP Special Review"), in part because it expected that DDVP would be classified as a carcinogen. EPA explained at that time that it had "determined that exposure to dichlorvos from registered uses may pose an adverse oncogenic risk and inadequate margins of safety for cholinesterase inhibition and liver effects to exposed individuals." 53 Fed. Reg. 5542 (Feb. 24, 1988).

28.     In 1995, EPA issued a Notice of Preliminary Determination (also known as a "PD 2/3") as part of the DDVP Special Review. The 1995 PD 2/3 proposed cancellation of most uses of DDVP, including all residential uses. 60 Fed. Reg. 50338 (Sept. 28, 1995).

The agency explained that "the risks outweigh the benefits for most uses of dichlorvos" and that "the economic benefits associated with the continued use of dichlorvos are not significant for most uses." *Id*. EPA planned to cancel "all uses in or on residences." *Id*. The comment period for this notice closed on December 27, 1995. *Id*.

29. In 2000, EPA predicted that a Notice of Final Determination (also known as a "PD 4") concluding the DDVP Special Review would be issued by 2001. EPA, *Status of Chemicals in Special Review*, at 21 (March 2000), available at http://www.epa.gov/ oppsrrd1/docs/sr00status.pdf.

30. Nineteen years from the commencement of the DDVP Special Review, EPA still has neither implemented the 1995 PD 2/3 nor issued a PD 4. In addition, the agency has had over eleven years from the close of the comment period on the PD 2/3 to make a final determination, but has failed to do so, and has never explained its inaction.

31. To date, the DDVP Special Review remains unfinished, and significant residential uses remain on the market.

NRDC's June 2006 Petition Requesting EPA Conclude Special Review
and Cancel All Registrations For DDVP

32. On June 2, 2006, NRDC served upon EPA a petition for agency action regarding the Special Review and registration of DDVP (the "DDVP Petition").

33. The DDVP Petition requested the following: that EPA conclude the DDVP Special Review, reregistration and tolerance reassessment processes, and that EPA revoke all tolerances and cancel all registrations for DDVP. The DDVP Petition requested that the Agency act on these requests by August 3, 2006, the statutory deadline by which EPA was obligated to make a final determination on DDVP's reregistration

8

pursuant to 7 U.S.C. § 136a-1(g)(2)(A), and the date by which EPA was required to reassess all DDVP tolerances pursuant to 21 U.S.C. § 346a(q).

34.  EPA has failed to take final action in response to NRDC's DDVP Petition.

35.  EPA has failed to conclude the Special Review of DDVP in a reasonable time.

36.  In response to repeated inquiries by NRDC, EPA staff stated to NRDC counsel that a final response to the DDVP Petition and final action to conclude the Special Review of DDVP are not imminent.

### NRDC's January 2005 Petition Requesting EPA Cancel Registration of Carbaryl

37.  In May 2000, EPA established tolerances for carbaryl on dozens of foods, including bananas, corn, grapes, tomatoes, strawberries, and rice.  65 Fed. Reg. 33692, 33695 (May 24, 2000); *see also* 40 C.F.R. § 180.169 (listing all tolerances for carbaryl).

38.  On January 10, 2005, NRDC served upon EPA a petition for agency action regarding the registration of carbaryl (the "Carbaryl Petition").

39.  The Carbaryl Petition requested that EPA cancel the registration of carbaryl, due to the unreasonable risks it poses to human health and the environment.

40.  EPA has failed to take final action in response to NRDC's Carbaryl Petition.

41.  EPA staff stated to NRDC counsel that a final response to the Carbaryl Petition is not imminent.

### Reregistration of Carbaryl

42.  FIFRA requires that EPA determine whether carbaryl is eligible for reregistration by August 3, 2006.  7 U.S.C. § 136a-1(g)(2)(A).  EPA has failed to make the required determination or to conclude the reregistration of carbaryl.

43. EPA admitted in public statements that it failed to make a determination about carbaryl's eligibility for reregistration by the statutory deadline imposed by FIFRA.

## PLAINTIFF'S CLAIMS FOR RELIEF

### First Claim

(Failure to Conclude DDVP Special Review)

44. Plaintiff incorporates by reference all preceding paragraphs.

45. By failing to conclude the DDVP Special Review, Defendants have unreasonably delayed agency action in violation of the APA, 5 U.S.C. §§ 555(b), 706(1).

### Second Claim

(Failure to Respond to DDVP Petition)

46. Plaintiff incorporates by reference all preceding paragraphs.

47. By failing to take final action in response to NRDC's DDVP Petition, Defendants have unreasonably delayed agency action in violation of the APA, 5 U.S.C. §§ 555(b), 706(1).

### Third Claim

(Failure to Respond to Carbaryl Petition)

48. Plaintiff incorporates by reference all preceding paragraphs.

49. By failing to take final action in response to NRDC's Carbaryl Petition, Defendants have unreasonably delayed agency action in violation of the APA, 5 U.S.C. §§ 555(b), 706(1).

### Fourth Claim

(Failure to Conclude Carbaryl Reregistration by the Statutory Deadline)

50. Plaintiff incorporates by reference all preceding paragraphs.

51. By failing to conclude the reregistration of carbaryl by August 3, 2006, Defendants have violated the mandatory deadline imposed by FIFRA, 7 U.S.C. § 136a-1(g)(2)(A), and unlawfully withheld agency action in violation of the APA, 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

1. Enter a declaratory judgment that Defendants' failure to conclude the DDVP Special Review violates the APA;

2. Compel Defendants to take final action concluding the DDVP Special Review within ninety days;

3. Enter a declaratory judgment that Defendants' failure to respond to the DDVP Petition violates the APA;

4. Compel Defendants to take final action in response to the DDVP Petition within ninety days;

5. Enter a declaratory judgment that Defendants' failure to respond to the Carbaryl Petition violates the APA;

6. Compel Defendants to take final action in response to the Carbaryl Petition within ninety days;

7. Enter a declaratory judgment that Defendants' failure to conclude the reregistration of carbaryl by August 3, 2006 violates FIFRA and the APA;

8. Compel Defendants to take final action concluding the reregistration of carbaryl within ninety days;

9. Retain jurisdiction of this matter until Defendants have fulfilled their legal and Court-ordered obligations as set forth in this complaint;

10. Award Plaintiff its costs, attorneys' fees, and other disbursements in this action pursuant to the Equal Access Justice Act, 28 U.S.C. § 2412(d), and other authority; and

11. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Dated: February 28, 2007     Respectfully submitted,

NATURAL RESOURCES DEFENSE COUNCIL

By: __/s_____

Nancy S. Marks (NM 3348)
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
Tel: 212-727-2700 Fax: 212-727-1773

Mae Wu, Admission *Pro Hac Vice* Pending
Aaron Colangelo, Admission *Pro Hac Vice* Pending
Natural Resources Defense Council
1200 New York Ave., NW
Washington, D.C. 20005
Tel: 202-289-6868; Fax: 202-289-1060

Attorneys for Plaintiff NRDC