MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PETER M. SKINNER
Assistant United States Attorney
86 Chambers Street, 5th Floor
New York, New York 10007
Telephone: (212) 637-2601
Facsimile: (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NATURAL RESOURCES DEFENSE COUNCIL,

          Plaintiff,

        -against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; and STEPHEN L.
JOHNSON, Administrator of the Environmental
Protection Agency,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF CASE**

No. 07 Civ. 1751 (HBP)

## ANSWER OF DEFENDANTS ENVIRONMENTAL
## PROTECTION AGENCY AND STEPHEN L. JOHNSON

Defendants United States Environmental Protection Agency ("EPA") and

Stephen L. Johnson, Administrator of EPA, by their attorney, Michael J. Garcia, United States

Attorney for the Southern District of New York, answer Plaintiff's complaint upon information

and belief as follows:

1.     Paragraph 1 of the complaint sets forth Plaintiff's characterization of the

action, to which no response is required.  To the extent a response is required, Defendants deny

the allegations in paragraph 1 of the complaint.

2.     Deny the allegations in paragraph 2 of the complaint, except admit that

Plaintiff filed petitions seeking cancellation of the carbaryl and DDVP registrations.

3.      Deny the allegations in paragraph 3 of the complaint, except admit that EPA commenced a Special Review of DDVP in 1988.

4.      The first sentence of paragraph 4 of the complaint contains legal conclusions to which no response is required.  Defendants deny the remaining allegations in paragraph 4, except admit that EPA did not make a determination as to the eligibility for re-registration of the active ingredient carbaryl by August 3, 2006.

5.      Paragraph 5 of the complaint sets forth legal conclusions to which no response is required.

6.      Paragraph 6 of the complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6 of the complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that NRDC's members are exposed to increased risk of harm.

7.      Paragraph 7 of the complaint sets forth legal conclusions to which no response is required.

8.      The first sentence of paragraph 8 of the complaint sets forth legal conclusions to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.     Deny the allegations in paragraph 11 of the complaint.

12.     Deny the allegations in paragraph 12 of the complaint.

13.     Deny the allegations in paragraph 13 of the complaint.

14.     Admit the allegations in paragraph 14 of the complaint.

15.     Admit the allegations in the first two sentences of paragraph 15 of the complaint.  The third sentence of paragraph 15 of the complaint contains legal conclusions to which no response is required.

16.     Deny the allegations in paragraph 16 of the complaint, except admit that DDVP, which is also known as dichlorvos, is a member of the organophosphate class of pesticides that is registered to control insect pests in agricultural, commercial, institutional and industrial sites; in and around homes; and on pets.  The Defendants further admit that DDVP is classified as having suggestive evidence of carcinogenicity by EPA.  Defendants respectfully refer the Court to the regulations of California, the World Health Organization, the United Kingdom, Denmark, Sweden, Fiji, Angola and Kuwait for a true and accurate statement of their contents.

17.     Deny the allegations in paragraph 17 of the complaint, except admit that carbaryl, an N-methyl carbamate, is an insecticide registered for use on agricultural crops, ornamentals, and turf (sod farms), for flea control on pets, and for use in homes.

18.     The first three sentences of Paragraph 18 of the complaint set forth legal conclusions, to which no response is required.  Defendants deny the last sentence of paragraph 18 of the complaint.

19.     Paragraph 19 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Federal Food, Drug, and Cosmetics Act for a true and accurate statement of its contents.

20.     Paragraph 20 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Federal Insecticide, Fungicide, and Rodenticide Act for a true and accurate statement of its contents.

21.     Paragraph 21 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

22.     Paragraph 22 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

23.     Paragraph 23 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

24.     Paragraph 24 of the complaint sets forth legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the Administrative Procedure Act for a true and accurate statement of its contents.

25.     Deny the allegations in paragraph 25 of the complaint and respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

26.     Deny the allegations in paragraph 26 of the complaint and respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

4

27.     Deny the allegations in paragraph 27 of the complaint and respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

28.     Deny the allegations in paragraph 28 of the complaint and respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

29.     Deny the allegations in paragraph 29 of the complaint and respectfully refer the Court to EPA's website for a true and accurate statement of its contents.

30.     Deny the allegations in paragraph 30 of the complaint, except admit that EPA has not formally concluded the Special Review of DDVP.

31.     Deny the allegations in paragraph 31 of the complaint, except admit that EPA has not formally concluded the Special Review of DDVP and that residential uses of DDVP are still registered.

32.     Deny the allegations in paragraph 32 of the complaint, except admit that EPA received from Plaintiff a petition dated June 2, 2006 concerning DDVP (the "DDVP Petition").

33.     Deny the allegations in paragraph 33 of the complaint and respectfully refer the Court to the DDVP Petition for a true and accurate statement of its contents.

34.     Deny the allegations in paragraph 34 of the complaint, except admit that EPA has not taken final action in response to the DDVP Petition.

35.     Deny the allegations in paragraph 35 of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37.     Deny the allegations in paragraph 37 of the complaint and respectfully refer the Court to the Federal Register for a true and accurate statement of its contents.

38.    Deny the allegations in paragraph 38 of the complaint, except admit that EPA received from Plaintiff a petition dated January 10, 2005 concerning carbaryl (the "Carbaryl Petition").

39.    Deny the allegations in paragraph 39 of the complaint and respectfully refer the Court to the Carbaryl Petition for a true and accurate statement of its contents.

40.    Deny the allegations in paragraph 40 of the complaint, except admit that EPA has not taken final action in response to the Carbaryl Petition.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint.

42.    The first sentence of paragraph 42 sets forth a legal conclusion to which no response is required.  Defendants deny the allegations in the second sentence of paragraph 42, except admit that EPA did not make a determination as to the eligibility for re-registration of the active ingredient carbaryl by August 3, 2006.

43.    Deny the allegations in paragraph 43 of the complaint, except admit that EPA did not make a determination as to the eligibility for re-registration of the active ingredient carbaryl by August 3, 2006.

44.    Defendants incorporate by reference all preceding paragraphs.

45.    Paragraph 45 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 45 of the complaint.

46.    Defendants incorporate by reference all preceding paragraphs.

47. Paragraph 47 of the complaint sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47 of the complaint.

48. Defendants incorporate by reference all preceding paragraphs.

49. Paragraph 49 of the complaint sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49 of the complaint.

50. Defendants incorporate by reference all preceding paragraphs.

51. Paragraph 51 of the complaint sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 51 of the complaint, except admit that EPA did not make a determination as to the eligibility for re-registration of the active ingredient carbaryl by August 3, 2006.

52. The remaining paragraphs of page 11 of the complaint state Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## DEFENSES

53. The Court lacks subject matter jurisdiction over the complaint in whole or in part.

54. The complaint fails to state a claim for which relief may be granted.

55. EPA did not withhold action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

WHEREFORE, Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator of the U.S. Environmental Protection Agency, demand judgment dismissing Plaintiff's complaint and granting such further relief as the Court deems just, including costs and disbursements.

Dated:        New York, New York
              June 15, 2007

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York,
                                        Attorney for Defendants United States
                                        Environmental Protection Agency and
                                        Stephen L. Johnson, Administrator of the
                                        U.S. Environmental Protection Agency


                                        ____/s  Peter M. Skinner_____
                                   By:  PETER M. SKINNER
                                        Assistant United States Attorney
                                        86 Chambers Street, 5th Floor
                                        New York, New York  10007
                                        Telephone: (212) 637-2601
                                        Facsimile: (212) 637-2730


TO:    Mae Wu, Esq.
       Aaron Colangelo, Esq.
       National Resources Defense Council
       1200 New York Ave., NW
       Washington, D.C.  20005
       Tel.:  (202) 289-6868
       Fax:  (202-289-1060

8