```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NATURAL RESOURCES DEFENSE COUNCIL,

   Plaintiff,

 -against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; and STEPHEN L.
JOHNSON, Administrator of the Environmental
Protection Agency,

   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No. 07 Civ. 1751 (HBP)

**STIPULATION AND ORDER TRANSFERRING CASE TO THE SUSPENSE DOCKET**

  WHEREAS, on February 28, 2007, Plaintiff Natural Resources Defense Council ("NRDC") filed this lawsuit alleging that the Environmental Protection Agency ("EPA") had failed to take certain regulatory actions;

  WHEREAS, EPA plans to take the following actions pursuant to the following schedule (the "Schedule"):

  (a) On or before October 1, 2007, sign the cumulative risk assessment for the N-methyl carbamates;

  (b) On or before October 15, 2007, sign a preliminary determination, *see* 40 C.F.R. § 154.31, to close the Special Review of dichlorvos ("DDVP");

  (c) On or before November 16, 2007, respond to the NRDC petition dated June 2, 2006 concerning DDVP (the "DDVP Petition"), to the extent the petition seeks to cancel all registrations for DDVP;

  (d) On or before November 16, 2007, sign an order to be published in the Federal Register addressing the DDVP Petition's demand for the revocation of all tolerances for DDVP;

(e) On or before December 15, 2007, sign a final determination, *see* 40 C.F.R. § 154.33, with respect to the DDVP Special Review, if NRDC submits only the comments contained in the DDVP petition as comments to the preliminary determination to close the Special Review of DDVP, and EPA receives no other comments to the preliminary determination to close the Special Review of DDVP;

(f) On or before December 21, 2007, meet and confer with NRDC in an effort to reach a consensual resolution with regard to the final determination for the DDVP Special Review, if NRDC submits comments to the preliminary determination to close the Special Review of DDVP different from or in addition to the comments contained in the DDVP Petition, or EPA receives comments to the preliminary determination to close the Special Review of DDVP from non-parties;

(g) On or before June 30, 2008, make a determination as to the eligibility for re-registration of the active ingredient carbaryl;

(h) On or before September 30, 2008, respond to the NRDC petition dated January 10, 2005 concerning carbaryl (the "Carbaryl Petition"), to the extent the petition seeks to cancel all registrations for carbaryl;

(i) On or before September 30, 2008, sign an order to be published in the Federal Register addressing the Carbaryl Petition's demand for the revocation of all tolerances for carbaryl;

(j)     On or before October 1, 2008, sign a final determination with respect to the DDVP Special Review, unless a final determination is signed at an earlier date pursuant to paragraphs (e) and (f) of this Schedule.

WHEREAS, the parties wish to suspend this action while EPA takes the actions contemplated in the Schedule;

WHEREAS, the parties agree that if EPA fails to take the actions contemplated in the Schedule, NRDC's sole remedy shall be to remove this case from the suspense docket;

WHEREAS, by entering into this Stipulation and Order, no party waives any claim or defense relating to this litigation;

WHEREAS, this Stipulation and Order does not constitute any admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of any party;

WHEREAS, the parties agree that no provision of this Stipulation and Order shall be interpreted to constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take actions in contravention of the Administrative Procedure Act, 5 U.S.C. §§ 551-59, 709-06, the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136—136y, the Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 346a, or any other law or regulation, either substantive or procedural;

WHEREAS, the parties agree that the defendants named in the Complaint were sued in their official capacities, and any obligations or duties arising under this Stipulation and Order are to be performed by EPA;

WHEREAS, except as expressly provided herein, nothing in this Stipulation and Order shall be construed to limit or modify the discretion accorded EPA by law;

3

WHEREAS, nothing in this Stipulation and Order shall be construed to create rights in, or grant any cause of action to, any person or entity not party to this Stipulation and Order;

WHEREAS, this Stipulation and Order may be modified or amended only with the written consent of the parties;

WHEREAS, this Stipulation and Order contains the entire agreement between the parties, and no statements, representations, promises, agreements or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect;

WHEREAS, this Stipulation and Order shall become effective upon entry of the Court; and

WHEREAS, this Stipulation and Order may be executed by facsimile transmission, and a photocopy may be used for all purposes;

NOW, THEREFORE, it is agreed between the parties and ORDERED as follows:

1. This case is transferred to the suspense docket pursuant to Rule 20 of the Rules for the Division of Business Among District Judges for the Southern District of New York.

2. If EPA fails to take the actions contemplated in the Schedule, NRDC's sole remedy is to reactivate the case upon written notice to the Honorable Henry B. Pitman, United States Magistrate Judge, Southern District of New York, with a copy of such notice to be served upon EPA and the U.S. Attorney's Office at the addresses provided in paragraph 5 below. Contempt of court is not available as a remedy. NRDC need not satisfy the "meet and confer" process described under paragraph 4 below before reinstating the litigation pursuant to this paragraph.

3. If the parties fail to agree on a date by which EPA will plan to respond to comments and sign a final determination with respect to the DDVP Special Review, as

4

contemplated by paragraph (e) of the Schedule, NRDC may reactivate the case pursuant to paragraph 2 upon written notice to the Honorable Henry B. Pitman, United States Magistrate Judge, Southern District of New York, with a copy of such notice to be served upon EPA and the U.S. Attorney's Office at the addresses provided in paragraph 5 below.

4. If the parties disagree about the interpretation or performance of any aspect of this Stipulation and Order, the dissatisfied party shall provide the other party with written notice of the dispute and a request for negotiations. The parties shall meet and confer in an effort to resolve the dispute within 14 days of the written notice, or at a time mutually agreed upon. If the parties are unable to resolve the dispute within 14 days of such meeting, NRDC may reactivate the case pursuant to paragraph 2 upon written notice to the Honorable Henry B. Pitman, United States Magistrate Judge, Southern District of New York, with a copy of such notice to be served upon EPA and the U.S. Attorney's Office at the addresses provided in paragraph 5 below.

5. Any notice required or made with respect to this Stipulation and Order shall be in writing and shall be effective upon receipt. For any matter relating to this Stipulation and Order, notice shall be sent to:

> For the Plaintiff:
>
> Mae C Wu, Esq.
> Natural Resources Defense Council
> 1200 New York Ave., N.W.
> Washington, D.C. 20005
>
> For the Defendants:
>
> Andrew J. Simons, Esq.
> Office of General Counsel
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Ave., N.W., MC - 2333A
> Washington, DC 20460

Peter M. Skinner
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
86 Chambers Street, 5th Floor
New York, NY 10007

Upon written notice to the other parties, any party may designate a successor contact person for any matter related to this Stipulation and Order.

6. If this case is not reactivated by December 1, 2008, it will be dismissed with prejudice and without costs or attorneys' fees to any party.

Dated: Washington, D.C.
August ___, 2007
September 4, 2007

NATURAL RESOURCES DEFENSE COUNCIL

By: MAE C WU, ESQ.
AARON COLANGELO, ESQ.
1200 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 289-2409

Dated: New York, New York
August ___, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for Defendants United States
Environmental Protection Agency and
Stephen L. Johnson, Administrator of the
U.S. Environmental Protection Agency

By: PETER M. SKINNER
Assistant United States Attorney
86 Chambers Street, 5th Floor
New York, New York 10007
Telephone: (212) 637-2601

Peter M. Skinner
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
86 Chambers Street, 5th Floor
New York, NY 10007

Upon written notice to the other parties, any party may designate a successor contact person for any matter related to this Stipulation and Order.

6.   If this case is not reactivated by December 1, 2008, it will be dismissed with prejudice and without costs or attorneys fees to any party.

Dated:   Washington, D.C.
         August ___, 2007

                              NATURAL RESOURCES DEFENSE COUNCIL


                         By: _____
                             MAE C WU, ESQ.
                             AARON COLANGELO, ESQ.
                             1200 New York Ave., NW
                             Washington, D.C. 20005
                             Telephone: (202) 289-2409

Dated:   New York, New York
         September 4, 2007

                             MICHAEL J. GARCIA
                             United States Attorney for the
                             Southern District of New York,
                             Attorney for Defendants United States
                             Environmental Protection Agency and
                             Stephen L. Johnson, Administrator of the
                             U.S. Environmental Protection Agency

                         By: _____
                             PETER M. SKINNER
                             Assistant United States Attorney
                             86 Chambers Street, 5th Floor
                             New York, New York 10007
                             Telephone: (212) 637-2601

6

SO ORDERED:

_____
HON. HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE

5-7-07

7